VANTURA, RESPONDENT, *v.* MONTANA LIQUOR CONTROL BOARD ET. AL., APPELLANTS.

(No. 8,289.)

(Submitted April 6, 1942. Decided April 15, 1942.)

[124 Pac. (2d) 569.]

*Mr. T. H. McDonald,* Counsel for the Montana Liquor Control Board, submitted an original and a reply brief in behalf of Appellants, and argued the cause orally.

*Mr. Wellington D. Rankin* and *Mr. Arthur P. Acher,* for Respondent, submitted a brief; *Mr. Rankin* argued the cause orally.

*Mr. John W. Bonner,* Attorney General, and *Mr. Clarence*

*Hanley,* Assistant Attorney General, appearing as *amici curiae,* submitted a brief; *Mr. Hanley* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This proceeding is for a declaratory judgment under sections 9835.1 to 9835.16, Revised Codes, inclusive. The pleadings disclose that plaintiff, a resident of East Helena, has applied for a license to sell intoxicating liquors at retail in that town for the year 1942 and has tendered a license fee of $200 which is the fee that he has paid every year for the past five years. Defendants are willing to grant a license, but only upon condition that plaintiff pay a fee of $600. The pleadings disclose that plaintiff's premises are within five miles of. the city of Helena. The population of the city of Helena is more than 10,000 and the population of East Helena, in which plaintiff's premises are situated, is less than 2,000. Hence, the only question involved is the amount of the license fee required for plaintiff.

The answer to the question must be found in Chapter 163 of the Laws of 1941. In order properly to construe that chapter, it is necessary to consider it in connection with prior laws on the subject. The first statute dealing with the amount of the license fee is found in Chapter 84 of the Laws of 1937. Section 4 of that chapter provided: ''For each license in cities with a population of ten thousand (10,000) or more and within a distance of five (5) miles thereof, outside of an incorporated city or town, six hundred dollars ($600.00) per annum. For each license in cities with a population of more than five thousand (5,000) and less than ten thousand (10,000) and within a distance of five (5) miles thereof, outside of an incorporated city or town, four hundred fifty dollars ($450.00) per annum. For each license in cities with a population of more than two thousand (2,000) and less than five thousand (5,000), three hundred dollars ($300.00) per annum. For each license in cities, towns and unincorporated villages and towns, with a population

of less than two thousand (2,000), two hundred dollars ($200.00) per annum.''

It will be noted that Chapter 84 made no provision for a license fee for a licensee operating in rural sections except when within a distance of five miles from a city. The five mile provision was made applicable to a place within an unincorporated city or town but not to a place within an incorporated city or town. The next Act on that subject is Chapter 221 of the Laws of 1939. That Act among other things imposed a license fee of $200 for each license outside of cities, towns and villages whether incorporated or unincorporated, except when within a distance of five miles from a city in which case it took the same license fee as such city, the amount being dependent upon the population of the city. Chapter 163 of the Laws of 1941 is exactly the same as Chapter 221 of the Laws of 1939 except that it eliminates all reference to villages. Also Chapter 163 added to subdivision (b) a provision that it should not only apply to cities with a population of more than 2,000 and less than 5,000, but also to places within a distance of five miles thereof. Also Chapter 163, added paragraph (f) which is not found in Chapter 221. Chapter 163, in providing for the amount of the annual license fee, contains the following provisions:

''(a) Except as hereinafter provided, for each license outside of cities and towns, or in cities and towns with a population of less than two thousand (2,000) two hundred dollars ($200.00) per annum;

''(b) Except as hereinafter provided, for each license in cities with a population of more than two thousand (2,000) and less than five thousand (5,000), three hundred dollars ($300.00) per annum; or within a distance of five (5) miles thereof, measured in a straight line from the nearest entrance of the premises to be licensed to the nearest boundary of such city, three hundred dollars ($300.00) per annum;

''(c) Except as hereinafter provided, for each license in cities with a population of more than five thousand (5,00) and less than ten thousand (10,000), or within a distance of five (5)

miles thereof, measured in a straight line from the nearest entrance of the premises to be licensed to the nearest boundary of such city, four hundred fifty dollars ($450.00) per annum;

"(d)  For each license in cities with a population of ten thousand (10,000) or more, or within a distance of five (5) miles thereof, measured in a straight line from the nearest entrance of the premises to be licensed to the nearest boundary of such city, six hundred dollars ($600.00) per annum; * * *

"(f)  The distance of five (5) miles from the corporate limits of any cities and towns shall be measured in a straight line from the nearest entrance of the premises to be licensed to the nearest boundary of such city or town; and where the premises of the applicant to be licensed are situated within five (5) miles of the corporate boundaries of two (2) or more incorporated cities or towns of a different population the license chargeable by the larger incorporated city or town shall apply and be paid by the applicant."

The question then resolves itself into this: Does Chapter 163, when dealing with the five mile distance, contemplate that it shall include a place in one city or town whether incorporated or unincorporated within a distance of five miles from a larger city or town measured as provided in that Act? Interpretation of that Act, when considered in conjunction with Chapter 84 of the Laws of 1937, might lead to either of two conclusions.

Chapter 163 places unincorporated cities and towns on exactly the same basis as incorporated cities and towns. Chapter 84, as above noted, differentiated between the two. The five mile limit by Chapter 84 applied to a place within an unincorporated city or town but not to a place within an incorporated city or town. When Chapter 221, Laws of 1939, and Chapter 163, Laws of 1941, placed unincorporated and incorporated cities and towns on the same basis, the legislature left doubt as to whether neither should be subject to the five mile limit or whether both should be subject thereto. The statute was not clear in this respect, particularly when its purpose is considered. In such a situation we are guided by the principle, that when a

statute is open to two constructions, the doubt should be resolved in favor of the taxpayer. (*Mills* v. *State Board of Equalization,* 97 Mont. 13, 33 Pac. (2d) 563; *Shubat* v. *Glacier County,* 93 Mont. 160, 18 Pac. (2d) 614.) Whether we look upon our statutes imposing a license to sell liquor as revenue measures or as regulatory measures imposed by virtue of the police power (compare 30 Am. Jur., Intoxicating Liquors, sec. 74), it is difficult to understand why the legislature would impose different license fees upon two or more licensees in the same city, as would be the case if defendants' interpretation of Chapter 163 be adopted. The cost of regulating two licensees in the same city is exactly the same, and is not affected by the circumstance that one of them might be within five miles from a larger city. Likewise, viewing the Act as a revenue measure, there does not seem to be any reasonable justification for charging a higher fee for one licensed in a town of less than 2000 population, but who is within five miles from a larger city, than for one in the same town but more than five miles from a larger city.

In 1939 the attorney general rendered an opinion to the effect that Chapter 221 did not contemplate that the fee required of one whose premises were situated in one city or town should be affected by the circumstance that they were situated within a distance of five miles from the nearest boundary of a larger city. Defendant thereafter charged the fee pursuant to that opinion until the year 1942 when it demanded the larger fee. It was after that interpretation by the attorney general that Chapter 163 was passed. If the legislature contemplated a rule other than that announced by the attorney general, it would seem plain that it would have clarified the law in this particular. Not having done so, but having studiously adopted the same language as was found in Chapter 221, we must conclude that the legislature was satisfied with the interpretation placed ██ upon the Act by the attorney general. The rule is that in adopting a statute the legislature is presumed to have acted with knowledge of the previous construction of similar statutes (*United States* v. *Albright,* D. C., 234 Fed. 202) and to have

adopted such construction (*United States* v. *Ryan,* 284 U. S. 167, 52 Sup. Ct. 65, 76 L. Ed. 224.) This rule applies not only to Acts previously construed by the courts, but has equal application to statutes previously construed by the executive or administrative department of the government. (59 C. J. 1064.)

As thus interpreted, the phrase "except as hereinafter provided" appearing in subdivisions (a), (b) and (c) of the Act must be construed as having application only to a licensee whose premises are situated outside of cities and towns. That this is a fair interpretation of the Act finds support also in that part of subdivision (f) which provides "and where the premises of the applicant to be licensed are situated within five (5) miles of the corporate boundaries of two (2) or more incorporated cities or towns of a different population the license chargeable by the larger incorporated city or town shall apply and be paid by the applicant." This language seems to contemplate a situation only where the applicant's premises are without the boundaries of any city or town, and does not embrace premises situated within one city or town, even though within the five mile distance from one or more other cities or towns.

If the defendants' contention be sound then we would have a situation where one applicant in East Helena would be required to pay a fee of $600, whereas another applicant in the same town would only be required to pay a fee of $200, for a part of the town of East Helena is more than five miles from the nearest boundary of the city of Helena. We need not determine whether such a discrimination would be constitutional. It is sufficient to say that it does not appear from Chapter 163 that the legislature intended any such consequences. The main purpose of Chapters 221 and 163 was to provide a fee for those outside of cities and towns and situated more than five miles from any city or town and to place incorporated and unincorporated cities and towns on the same basis. The sweeping language in paragraph (d) might, on first reading, indicate an intent to apply the five mile distance rule to a place within

as well as without, a city or town. But we think the reading of the entire Act taken as a whole, and considering the evident purpose of the statute, the interpretation of an identical statute so far as the point under consideration is concerned prior to the enactment of Chapter 163, the five mile rule does not apply to an applicant who is situated within the boundary of a city or town, the license fee for which is definitely fixed by the Act.

The court was right in ordering the board to issue to plaintiff a license for the year 1942 upon payment of the fee of $200.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.