THE STATE OF MONTANA EX REL. LEWIS AND CLARK COUNTY, A MUNICIPAL CORPORATION, PLAINTIFF AND RESPONDENT, v. STATE BOARD OF PUBLIC WELFARE OF MONTANA, AND JEREMY G. THANE, JESS L. ANGSTMAN, JOHN R. KNOPP, H. A. TIBBBALS AND MRS. DAN WILLIAMS, THE MEMBERS OF SAID BOARD, AND W. J. FOUSE, ADMINISTRATOR OF PUBLIC WELFARE FOR THE STATE OF MONTANA, AND EX OFFICIO SECRETARY OF SAID BOARD, DEFENDANTS AND APPELLANTS.

No. 10483

Submitted November 20, 1962. Decided December 18, 1962.

376 P.2d 1002

Thomas H. Mahan, Helena (argued orally), Jess L. Angstman, Havre, for appellants.

Thomas J. Hanrahan, Co. Atty., Helena, William F. Crowley, Dep. Co. Atty. (argued orally), Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

The State Board of Public Welfare, hereinafter called the Board, appeals from a writ of mandamus issued by the district court of Lewis and Clark County commanding the Board to pay

Lewis and Clark County, hereinafter called the County, $858.57.

The facts out of which this case arose present a unique situation and, briefly, are as follows. A thirteen year old minor girl ran away from her home in another state and accompanied a young man to Helena, Montana, where she associated with different men during a one month period. From May 4, 1961, to June 1, 1961, she occupied an apartment in Helena. Then from June 1, 1961, to June 4, 1961, she stayed at an Indian camp with a young man. Spurned by the latter, the young girl, in an apparent attempt at suicide, threw herself in front of a moving automobile, sustaining the injuries for which the county paid the medical and hospital expenses. The County brought this action to compel the Board to reimburse it for these expenses.

Applicable at this point is section 71-308, R.C.M.1947, which provides in part:

"In automobile accident cases wherein transients traveling through the State of Montana are injured, medical aid and hospitalization shall be paid for by the county wherein the accident occurred and the department of public welfare shall reimburse such county in full upon proper claim being made to the department of public welfare * * *."

By its own regulation, the appellant Board has defined a "transient traveling through the state" as one who has been in the State of Montana for no more than fourteen days.

In light of the foregoing statute and regulation, the Board contends first, that the injured girl was not a transient within the meaning of the enactment, and, second, that the attempted suicide was not an automobile accident.

To be sure, the Board is empowered to promulgate rules and regulations to effectuate the policies of the Welfare Act (see R.C.M., 1947, § 71-204), and ofttimes a rule of thumb, such as the fourteen day regulation, may serve this end. However, such a rule of thumb, while undoubtedly effective in the ma-

jority of cases, is simply unworkable in certain exceptional situations, this being one of them. Here we have a wandering thirteen year old child incapable of establishing a residence in Montana, R.C.M.1947, § 83-303, Subd. 6; she had no means of support and roamed from place to place in Helena for approximately one month. Would the Board say that a non-resident tourist who spent more than fourteen days visiting the parks in Montana ceased to be a transient when he had been in this state more than fourteen days? We think not, nor do we think that the girl in this case ceased to be a transient after the expiration of fourteen days.

 The appellant Board points out that its fourteen day rule was promulgated in 1955, after which date three Legislatures met and none changed the regulation. In view of this, it is suggested that the Legislature, therefore, impliedly adopted the fourteen day rule. The Board's basis for such contention is not clear, however, it seems to imply that the re-enactment doctrine of statutory construction applies. Briefly stated, the rule is that the re-enactment of a statute, or passage of a similar one, in substantially the same terms, is an adoption of the practical construction placed on the previous statute by the administrative department of government. See 82 C.J.S. Statutes § 370, p. 855. The foregoing doctrine has no application to section 71-308, because this section has never been re-enacted since the promulgation of the fourteen day rule. The Legislature amended section 71-308 in 1957, by adding the last two paragraphs, but there was no change to or re-enactment of the portion under consideration herein.

 Also it must be remembered that no board can exercise the power of limiting the scope of enactments of the Legislature.

 Next the Board contends that the incident, causing the injuries to this young girl, was not an automobile accident within section 71-308, supra. Solely, for the purpose of interpreting this section of the statute in this case, it is our opinion

that the phrase "automobile accident cases" is sufficiently broad to include the situation presented herein. Without arguing semantics or debating whether or not the act of this young girl could be classed as willful because of her mental state, we think it is enough so far as section 71-308, supra, is concerned that an automobile was involved.

In view of what has been heretofore stated, the State, not Lewis and Clark County, should bear the medical and hospitalization expenses in this case.

Finally the Board contends that mandamus is not the proper remedy. Mandamus lies to compel performance of a legal duty resulting from office, trust or station, State ex rel. Brinck v. McCracken, 91 Mont. 157, 6 P.2d 869 (1931). Since we have determined that the Board is legally obligated to reimburse the County for the medical and hospitalization expenses in this matter, mandamus is a proper remedy to compel such performance.

For these reasons the judgment is affirmed.

MR. JUSTICES ADAIR, CASTLES, DOYLE and The HONORABLE SID G. STEWART, District Judge sitting in place of MR. JUSTICE JOHN C. HARRISON, concur.