No. 82-194

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

R. PEYTON HOVEY,

Petitioner and Appellant,

vs.

DEPARTMENT OF REVENUE, LIQUOR
DIVISION, of the State of Montana,
and LEE WILLIAMS, et al.,

Respondents.

Appeal from:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark
               Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

        For Appellant:

            John W. Mahan argued, Helena, Montana
            Carter Picotte argued, Helena, Montana

        For Respondents:

            Mike Garrity argued, Dept. of Revenue, Helena, Montana

Submitted:  January 14, 1983

Decided:  February 24, 1983

Filed: FEB 24 1983

_____
                  Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This case comes to this Court from the District Court of the First Judicial District, Lewis and Clark County. The District Court denied appellant's petition for a writ of mandate, requiring the Department of Revenue (DOR) to allow him to apply for one of six new liquor licenses to be issued in the Billings area. From that denial this appeal was taken.

In September 1981, six new floater all beverage liquor licenses became available in Billings based on the statistics compiled in the 1980 census. On October 5, 1981, appellant, Hovey, applied for one of these licenses to use in his downtown Billings restaurant. Appellant's application was rejected by the DOR on October 21, 1981. This rejection was on the grounds that the appellant's place of business was in violation of section 16-3-306, MCA, which prohibits liquor dispensing premises (hereinafter premises) within 600 feet of churches or schools when on the same street, and the DOR's interpretation of that section, set out in section 42.12.129, ARM.

On November 2, 1981, Hovey filed a petition for an alternative writ of mandate in the District Court of the First Judicial District, Lewis and Clark County. On that date an order was secured directing the DOR to revoke its ruling that appellant was ineligible to apply for one of the six new licenses or in the alternative to show cause why that ruling had not been revoked. An initial hearing was held on the order to show cause on November 9, 1981. A subsequent hearing was ordered to be held February 4, 1982, following a ruling issued by the Honorable Arnold Olsen in the case of Fletcher v. DOR, No. 47319, (decided March 8, 1982, Lewis and Clark County), which presented a similar issue.

In the interim between the second hearing and the District Court's final decision, the appellant was allowed to participate in the DOR administrative hearing with other applicants. This was only to expedite matters in case of an adverse ruling by the

District Court. The Court's final order came down in support of the DOR's position and appellant was denied a license.

The appellant is the owner of Cellar 301, a restaurant located in the old chamber building on the corner of Third Avenue North and North 27th Street in downtown Billings. The restaurant was opened in 1977 with its business address being 2615 Third Avenue North. There are no doors on North 27th Street because when the building was renovated, the appellant placed the entrance on Third Avenue.

The church building in question is the First Congregational Church of Christ and is located at 310 North 27th Street. The church owns a large tract of land which extends to the intersection where the appellant's restaurant is located. They have granted the City of Billings a bus stop at this intersection, and the City has erected and maintains shelters on the property in connection with the bus stop.

The issue to be determined by this Court is whether the District Court's denial of appellant's application for a writ of mandate, on the grounds that the building in which appellant's restaurant is located, violates section 16-3-306, MCA, and section 42.12.129, ARM, the DOR's interpretation of the statute, constitutes reversible error?

The actual thrust of this case centers around a question of statutory interpretation and whether it was proper for the DOR to deny the appellant the opportunity to apply for one of the new floater all beverage liquor licenses to be issued in Billings, on the grounds that he is in violation of the "on the same street" requirement of section 16-3-306, MCA, as interpreted by the DOR in section 42.12.129, ARM. That regulation states:

> "(1) In order to determine if the provisions of 16-3-306, MCA, are applicable, the department utilizes a two step test: (a) determination of street of location; and (b) determination of distance between entrance doors. (2) (a) A building is considered to be on each street that abuts the building and appurtenant land. An alley is generally not considered to be a street unless it is used by the general public as a public thoroughfare

- 3 -

for vehicular travel. (b) If the proposed premises for liquor sales are not located on the same street as a place of worship or school, the provisions of 16-3-306, MCA, are not applicable. If the proposed premises are on the same street, then the second step of the tests, provided for in subsection (3), is utilized. (3) (a) If the proposed premises are on the same street, the distance between entrance doors is measured by a geometric straight line, regardless of intervening property and buildings. An entrance is considered to be a means of ingress to the premises generally used by the public. (b) If the distance is more than 600 feet, the provisions of 16-3-306, MCA, are not applicable. If the distance is less than or equal to 600 feet, Section 16-3-306, MCA applies."

This particular regulation places a corner building on both streets on which it abuts rather than only on the street where its entrance and address are located.

In such matters of statutory interpretation, the court must first look for the intention of the legislature in the plain meaning of the words used, and may go no further when the interpretation of the statute can be made from its words. Dunphy v. Anaconda Company (1968), 151 Mont. 76, 438 P.2d 660; State v. Hubbard (1982), 649 P.2d 1331, 39 St.Rep. 1608.

The statute involved in the present case is section 16-3-306, MCA, and reads as follows:

"(1) Except as provided in subsections (2) and (3), no retail license may be issued pursuant to this code to any business or enterprise whose premises are within 600 feet of and on the same street as a building used exclusively as a church, synagogue, or other place of worship or as a school other than a commercially operated or postsecondary school. This distance shall be measured in a straight line from the center of the nearest entrance of the place of worship or school to the nearest entrance of the licensee's premises. This section is a limitation upon the department's licensing authority.

"(2) However, the department may renew a license for any establishment located in violation of this section if the licensee does not relocate his entrances any closer than the existing entrances and if the establishment:

"(a) was located on the site before the place of worship or school opened; or

"(b) was located in a bona fide hotel, restaurant, or fraternal organization building at the site since January 1, 1937.

"(3) Subsection (1) does not apply to licen-
ses for the sale of beer, table wine, or both
in the original package for off-premises con-
sumption." Section 16-3-306, MCA.

We are concerned here with subsection one of the statute.
The phraseology of that subsection shows the intent of the
legislature. Where the phrase "on the same street" is viewed in
conjunction with the second sentence of subsection one, which
requires the distance between the premises and a church or school
to be measured in a straight line from entrance to entrance, it
is evident that the legislature only intended this section to
apply where the entrances were on the same street. There is no
reference to the abutting principal set out in the DOR's
regulation. Thus, the import of the language of the statute is
plain and it can only be applied where the entrances to the
buildings used as churches and the premises are "on the same
street."

Further support is lent to our construction of this statute
by the reenactment doctrine, as the DOR's interpretation of the
statute is apparently inconsistent with the way the statute has
been administered since its inception in 1937. The appellant,
during the hearings, brought in examples of how establishments in
similar situations to his had licenses and were operating. Also,
the case of Fletcher v. DOR, supra, which presented almost the
identical issue was being litigated at the same time as this pro-
ceeding. The parties to this action stipulated into evidence all
the exhibits introduced in the Fletcher case. Contained in those
exhibits was a letter dated July 6, 1971, from Joseph T. Shea,
administrator of the old liquor control board, to the city
manager of Bozeman explaining that the "on the same street"
requirement of then section 4-415, RCM, 1947, (now 16-3-306, MCA)
was interpreted so that it only came into play when both the pre-
mises and church had their addresses on the same street. This is
exactly how the appellant contends that the statute should be
applied.

The reenactment doctrine has been recognized in Montana in

- 5 -

the cases of State ex rel. Lewis and Clark County v. State Board of Public Welfare (1962), 141 Mont. 209, 376 P.2d 1002; Ventura v. Montana Liquor Control Board (1942), 113 Mont. 265, 124 P.2d 569. The statute in question was originally enacted in 1937. It has been amended twice, first in 1975, at which time its number was also changed from section 4-415, RCM, 1947, to section 4-4-107, RCM, 1947, and most recently in 1981 to its present version, section 16-3-306, MCA. Each version of the statute maintained the operative language that no license be issued "on the same street" and within 600 feet of a place of worship or school, and kept the same method of performing the measurement of the distance.

Based on the letter from the administrator of the old liquor control board and the examples of other premises locations in relation to churches and schools, introduced at trial, it is apparent that prior to the DOR's attempt to change the meaning of "on the same street" it was interpreted and applied so that the statute only came into play when the premises' and the churches' or schools' street addresses were on the same street. It did not apply where, as in the present case, the restaurant is on Third Avenue North and the church is on the cross street, North 27th Street.

This Court, in discussing the reenactment doctrine in the past, has stated:

> "The rule is that in adopting a statute the legislature is presumed to have acted with knowledge of the previous construction of similar statutes (United States v. Albright, D. C., 234 Fed. 202) and to have adopted such construction (United States v. Ryan, 284 U. S. 167, 52 Sup. Ct. 65, 76 L. Ed. 244.) This rule applies not only to Acts previously construed by the courts, but has equal application to statutes previously construed by the executive or administrative department of the government. (59 C. J. 1064.)" Ventura v. Montana Liquor Control Board, 113 Mont. at 270-271.

This position is strengthened further by the holdings of the federal courts as evidenced by the United States Supreme Court case of Commissioner of Internal Revenue Service v. Noel's Estate

(1965), 380 U.S. 678, 85 S.Ct. 1238, 14 L.Ed.2d 159, where the court stated:

> "[A] long-standing administrative interpretation, applying to a substantially re-enacted statute, is deemed to have received congressional approval and has the effect of law. See, e.g., National Lead Co. v. United States, 252 U.S. 140, 146, 40 S.Ct. 237, 239, 64 L.Ed. 496; United States v. Dakota-Montana Oil Co., 288 U.S. 459, 466, 53 S.Ct. 435, 438, 77 L.Ed. 893." 380 U.S. at 682.

The opinion of the United States District Court in Newman v. Vessel Lady Arnnette (D S.C. 1979) 470 F.Supp. 520, further clarifies and concisely states the rules governing the present situation where it states:

> "The U.S. Supreme Court has stated as a general principle that a long-standing administrative interpretation applying to a substantially reenacted statute is deemed to have Congressional approval and hence the force and effect of law, C. I. R. v. Noel's Estate, 380 U.S. 678, 85 S.Ct. 1238, 14 L.Ed.2d 159 (1965). Although this principle is more persuasive when it can be demonstrated that Congress was aware of the administrative construction at the time of the reenactment, Mitchell v. C. I. R., 300 F.2d 533 (4th Cir. 1962), Congressional awareness may be presumed where, as here, the administrative construction is consistent and long-standing, Lorillard v. Pons, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), particularly when Congress has shown specific and repeated interest in the administratively construed sections prior to the reenactment." 470 F.Supp. at 527.

Based on the above-cited principles, it is evident that the long-standing interpretation of what constitutes "on the same street" has the force and effect of law due to the repeated reenactment by the legislature, of the operative parts, without change. Thus, it cannot be changed by administrative reinterpretation and therefore section 42.12.129, ARM, is invalid.

We therefore hold that a writ of mandate should have been issued by the District Court, allowing Mr. Hovey to apply for one of the six new liquor licenses, because under the plain language of section 16-3-306, MCA, and its legislatively-approved interpretation, through repeated reenactment, he had met all the requirements imposed by it. Where such requirements are met

there is a clear legal duty on the part of the DOR to allow appellant to apply, and where such a duty exists, mandamus is proper. Cain v. Department of Health and Environmental Sciences, (1978), 177 Mont. 448, 451, 582 P.2d 332. It is true that the granting of a writ of mandate is a discretionary act which will be upheld unless there is a showing that the District Court abused its discretion. Cain v. Department of Health and Environmental Sciences, supra. But, based on the plain import of the language of the statute and the long-standing legislative acceptance of the interpretation placed on it, we believe such a showing of abuse of discretion was made as the DOR had a legal duty due to these interpretations to allow Hovey to apply.

Therefore, the judgment of the District Court is reversed and this cause remanded for the issuance of an appropriate writ.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 8 -

Mr. Justice Daniel J. Shea, concurring:

I agree with the result of the majority opinion but not in all that is said. I further emphasize that the handling of the case of Fletcher v. DOR, supra, which case was being processed through the District Court almost simultaneously with this case, is hardly an example of even-handed treatment by the agency.

In Fletcher v. DOR, a Bozeman liquor license applicant was faced with virtually the same problem as exists in this case. However, on March 8, 1982, the District Court for the same First Judicial District (Judge Arnold Olsen presiding) held the regulation involved here to be invalid. The agency did not appeal from this ruling, the result being that the applicant received the liquor license.

In arguing this appeal, counsel for the agency acknowledged this inconsistency, but properly argued that he, as one of the attorneys, is not responsible for the agency's decisions. Nonetheless, someone in that agency, in deciding not to appeal the Fletcher case, permitted a license to issue by the simple expedient of ordering that the agency not appeal from the District Court's ruling. Yet, in this case, after obtaining a result 180 degrees from the decision in Fletcher, the agency argues that the applicant should not be permitted to apply for a license because of the proximity of his establishment to a church.

The agency surely didn't think much of its regulation in the Fletcher case if it decided not to take an appeal. It is now more than a little inconsistent and more than a little unfair for the agency to argue here that the agency regulation should be given full force and effect. How can

9

the agency claim to be effectively enforcing statutes and regulations under the police power of the State when it took such a diametrically opposed position in the Fletcher case?

This Court and most courts have been most reluctant to apply equitable estoppel to a governmental agency, but perhaps the time has come to rigorously apply this doctrine. It may well be time for this Court to breathe more life into this doctrine by rigorously applying it to governmental agencies when grossly inequitable results may be the result of not applying it.

I would apply a form of collateral estoppel or waiver in this case. In the Fletcher case, the agency relied on 42.12.129 A.R.M., the same rule on which the District Court in this case relied, on in refusing relief to the petitioner here. And now, of course, the agency relies on this rule in defending the appeal. I would not permit the agency to do so. Once the 60 days expired for the agency to take its appeal in the Fletcher case, the agency effectively acquiesced in a ruling that the rule was invalid.

The petitioner here had a right to hold the agency to its acquiescence in the Fletcher case that the rule was invalid. If invalid as to the Fletcher application, the rule was also invalid as to the license application in this case.

Daniel J. Shea
Justice

10