No. 82-488

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN RE THE MARRIAGE OF
MICHAEL T. MEYER,

Petitioner and Respondent,

-vs-

DEBORAH M. MEYER,

Respondent and Appellant.

Appeal from: District Court of the Tenth Judicial District,
In and for the County of Fergus, The Honorable
LeRoy McKinnon, Judge presiding.

Counsel of Record:

For Appellant:

Torger S. Oaas, Lewistown, Montana

For Respondent:

Leonard H. McKinney, Lewistown, Montana

Submitted on Briefs: March 31, 1983

Decided: May 19, 1983

Filed: MAY 19 1983

Ethel M. Harrison

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This appeal stems from a supplemental decree entered by the District Court of the Tenth Judicial District, Fergus County, which decree provided for split custody of minor children, without provisions for child support, and without specific provisions for visitation.

The parties were married on September 30, 1972, and at that time respondent, Deborah Meyer, had a son, Tracy. Petitioner Mike Meyer adopted Tracy approximately five or six years after his marriage to Deborah.

After they were married, the parties moved to Bozeman, so that the husband could complete his education, during which time wife was employed and contributed to the support of the family. After he graduated, he obtained a job as a teacher and coach in Lewistown. He has held this post for the past seven years.

While residing in Lewistown, the parties had two children, Shayne, now age five, and Jillean, now age two. After the birth of Shayne, the wife did not return to work on a permanent basis. She stayed in the home and cared for the children until she enrolled at Eastern Montana College in Billings (EMC) in 1982.

In 1981, the wife began attending classes at the Lewistown College Center so that she could obtain a teaching certificate. She acquired all the credits that she could through the Center. It was then decided she should go to EMC to obtain the other credits she needed in order to become a certified teacher.

When she began attending EMC, the arrangement was that she was to go to Billings Monday evenings and return to Lewistown on Thursday evenings, as her classes were only on Tuesday and Thursday. However, this arrangement only lasted for a couple of weeks. After that time, the wife began to spend more time in Billings. The evidence as to exactly why the time lengthened is conflicting.

While wife was attending EMC and Mike was working, a babysitter cared for the younger children during the day. Mike cared

for the children and the house in the evening.

The wife returned to Lewistown spring quarter to do her student teaching. She moved back in with the family, but the situation was tense between her and husband.

During spring quarter, wife made numerous trips to Billings, either leaving the children with the husband or a sitter. Only once, after she had had husband jailed for assault, did she take the two younger children with her. The evidence is conflicting as to why the trips were made.

Three issues are presented by appellant for our review:

1. Whether it was error for the District Court to separate the children by awarding custody of Tracy to the wife and the other two to the husband?

2. Whether it was error for the District Court not to award the wife child support in light of her request for such support?

3. Whether it was error for the District Court to refuse to grant a specific visitation schedule, despite the recognized animosity between the parties?

As to wife's first contention that it was error to split the children, we disagree.

In child custody matters, the primary factor to be considered is the best interest of the child. Section 40-4-212, MCA, Malcom v. Malcom (1982), _____ Mont. _____, 640 P.2d 450, 39 St.Rep. 262. As respondent argues, the plain meaning of the word child used in section 40-4-212, MCA, mandates that the best interest of each child be considered, Hovey v. Department of Revenue (1983), _____ Mont. _____, 659 P.2d 280, 40 St.Rep. 272, not the best interest of the children as a collective.

> "In reviewing the District Courts custody order, this Court need only look to the record to see if the factors set forth in section 40-4-212, MCA, were considered, and must determine whether the trial court made appropriate findings with respect to these criteria. Markegard v. Markegard (1980), _____ Mont. _____, 616 P.2d 323, 325, 37 St.Rep. 1539, 1540" Bier v. Sherrard (1981), _____ Mont. _____, 623 P.2d 550, 551, 38 St.Rep. 158, 159.

The factors set forth by that section are as follows:

> "40-4-212. Best interest of child. The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:
>
> "(1) the wishes of the child's parent or parents as to his custody;
>
> "(2) the wishes of the child as to his custodian;
>
> "(3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
>
> "(4) the child's adjustment to his home, school, and community; and
>
> "(5) the mental and physical health of all individuals involved."

Specific findings on each of the elements need not be made, where there is substantial evidence to support the findings adopted. Speer v. Speer (1982), ____ Mont. ____ , 654 P.2d 1001, 39 St.Rep. 2204, 2206.

In this case, it is evident from the court's findings that such factors were considered. The findings set out the essential and determining facts upon which the District Court rested its conclusions as is required by Cameron v. Cameron (1982), _____ Mont._____, 641 P.2d 1057, 39 St.Rep. 485, 488. They speak to such facts as the children's care by the parents, and the older child's wishes regarding custody. There is also ample evidence in the record of this case to support the findings. Examples of such evidence are:

1. the testimony of both parents that each wanted custody of all the children, although neither of them thought the children should be separated;

2. the court's interview with Tracy, the oldest child, regarding who he wished to live with;

3. the testimony elicited on the relationship of the children with each other and both parents;

4. the testimony concerning how the children had adjusted to the home and various situations;

5. some testimony on the general health of the children.

Based on the findings and this evidence, we see no abuse of discretion by the District Court in regards to custody.

Abuse of discretion as a standard of review also applies to the next issue raised regarding the award of child support, as we have previously noted in Grenfell v. Grenfell (1979), 182 Mont. 229, 596 P.2d 205, where we stated:

> "The standard for reviewing maintenance and child support awards is well settled in Montana. The award made by the District Court will not be disturbed on appeal unless there has been a clear abuse of discretion resulting in substantial injustice. In Re Marriage of Brown (1978), ____ Mont._____, 587 P.2d 361, 367, 35 St.Rep. 1733, 1740. The District Court, in making its maintenance and child support awards, must consider the items and factors set out in sections 48-322 and 48-323, R.C.M. 1947, now sections 40-4-203 and 40-4-204, MCA." 596 P.2d at 207.

Here, the record reveals that the District Court heard testimony concerning the income of the parties, their standard of living and other relevant factors as is required by section 40-4-204, MCA. This testimony indicated that both parties were employed, that they make almost equal incomes (i.e., husband $1,095 per month, wife $800 per month at that time and presently $950 per month), and that each had a home that could adequately accommodate the children.

Based on this evidence, it is apparent that there was no abuse of discretion on the part of the District Court in not awarding the appellant child support. The District Court entered findings concerning the fact that each party was presently employed with an income. These findings, coupled with the evidence in the record of approximately equal incomes and abilities to care for the children, support the court's conclusion that each party should support the child or children in their custody.

As to the last issue of whether the District Court should have set up a specific visitation schedule, we find no error.

Both the husband and wife raise the issue of visitation in their request for custody. They both specifically request

custody of the children with reasonable visitation to the other parent.

Wife contends that it was an abuse of discretion for the trial court not to set a specific visitation schedule, as such schedule is necessary because of the animosity the District Court found to exist between the parents. Although in some circumstances it would be an abuse of discretion where necessity is shown, this is not such a case. The record in this case indicates each party's willingness to allow the other visitation. There is no showing that a hard and fast visitation schedule is needed. The court's findings here support its conclusion that reasonable visitation is all that is required.

The rationale for the type of visitation privileges granted the parents in this case is most ably stated by the Washington Supreme Court in Rivard v. Rivard (1969), 75 Wash.2d 415, 451 P.2d 677, where they state:

> "'Many trial courts do what was done in this case, i.e., leave considerable latitude in the matter of visitation privileges, for the reason that, if the parties are reasonable in their approach to the problem, they can work it out on a mutually satisfactory basis and avoid the difficulties inherent to a hard and fast visitation schedule. If, however, the parties cannot agree, the court must then define the privilege so minutely that there can be no opportunity for misunderstanding.'"
> 451 P.2d at 679.

Under this rationale, if this visitation arrangement turns out to be unworkable for the parties, they can return to District Court and have their visitation rights clarified. Sanderson v. Sanderson (1981), ____ Mont. ____, 623 P.2d 1388, 38 St.Rep. 277.

For the foregoing reasons, the District Court's decree is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

- 6 -

Justices

- 7 -