NO. 94-081

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

MICHAEL K. COREY,

    Petitioner and Respondent,

  and

VALERIE A. COREY,

    Respondent and Appellant.

FILED

SEP 12 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Valley,
The Honorable Leonard H. Langen, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Linda L. Harris; Harris Law Firm, Billings,
Montana


    For Respondent:

        James D. Rector, Attorney at Law, Glasgow,
Montana


Submitted on Briefs: August 4, 1994

Decided: September 12, 1994

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

The petitioner Michael K. Corey petitioned the District Court of the Seventeenth Judicial District, Valley County, for dissolution of his marriage to his wife, Valerie A. Corey, on April 20, 1993. On December 20, 1993, following a trial on all issues, the District Court entered its findings of fact, conclusions of law, and decree from which Valerie Corey now appeals. We remand for modification of the decree and, as modified, affirm.

The issues are:

1. Did the District Court err in distributing the property of the marital estate?

2. Did the District Court err in its calculation of the amount of maintenance awarded to Valerie Corey?

3. Did the District Court err by failing to make provisions for visitation between Valerie Corey and the minor children of the parties during Michael Corey's periods of summer visitation?

4. Did the District Court err when it ordered Michael Corey's child support payments reduced by one-half during those months that he has the minor children in his care for at least twenty-five consecutive days?

5. Did the District Court err when it did not order Michael Corey to continue providing health insurance for the minor children?

Michael Corey (Michael) and Valerie Corey (Valerie) were married on December 3, 1977. They had two children during their

marriage: Brandon Corey, born September 19, 1978, and Shannon Corey, born November 19, 1981.

Michael petitioned for dissolution on April 20, 1993. In his petition, Michael requested dissolution of the couple's marriage, joint custody of the children with suitable visitation, that Michael be required to pay child support, and division of the marital property. In her responsive pleadings, Valerie joined in Michael's request for dissolution, joint custody with suitable visitation, Michael's payment of child support, and division of the marital property.. In addition, Valerie sought maintenance and attorney's fees.

In its findings of fact, conclusions of law, and decree dissolving the couple's marriage, the District Court found that both parties were fit and proper persons to be granted custody of the minor children and granted joint custody of the children to both parties. As a plan of implementation, the District Court ordered that Valerie have primary residential custody of the children and that Michael have visitation rights for three months in the summer, weekends, alternating holidays, and all other times reasonable under the circumstances.

In addition, the District Court found that Michael was financially able to provide support for the children and ordered him to pay child support in the amount of $275 per month for each child until emancipation. The District Court ordered these payments reduced by one-half during any month in which Michael had actual custody of the children for at least twenty-five consecutive

days.

Also, the District Court found that the parties had accumulated real and personal property in the marital estate valued at $49,688. The court awarded Valerie various personal property worth $10,800, and awarded Michael real and personal property worth $38,888. The court also awarded Valerie maintenance payments of $400 per month for twelve months beginning January 1, 1994; $300 per month for twenty-four months beginning January 1, 1995; and $200 per month for twenty-four months beginning January 1, 1997. Finally, the court ordered Michael to pay one-half of Valerie's attorney's fees, amounting to $2,500.

I

Did the District Court err in distributing the property of the marital estate?

The standard this Court applies in reviewing a distribution of marital property is that, absent a clear abuse of discretion, the district court will not be overturned where the court based its distribution of marital assets on substantial credible evidence. In re Marriage of Otto (1990), 245 Mont. 271, 277, 800 P.2d 706, 710. Valerie contends that the District Court erred in dividing the marital property in an amount which equaled an approximate distribution of 78% of the marital estate to Michael and 22% of the marital estate to Valerie.

In support of her contention that the property division should be reversed, Valerie cites In re Marriage of Berthiaume (1977), 173 Mont. 421, 567 P.2d 1388. In Marriage of Berthiaume, this Court

4

held that it was a clear abuse of discretion for the trial court to find that the marital property should be divided as equally as possible, and then grant one party well over 90 percent of the property without making any offset provision for the other party. Marriase of Berthiaume, 567 P.2d at 1390. Valerie contends that Marriaoe of Berthiaume is controlling, and thus the District Court committed reversible error. We disagree.

The present case is distinguishable from Marriage of Berthiaume. Here, after stating that the property should be equally divided, the District Court explained why it had not made an equal division of the property. The disparity in the division came from the award to Michael of a mobile home and real property on which the mobile hone rested. The court explained that it would award the mobile home and land to Michael as the mobile home was damaged to a point where it was nearly uninhabitable and Michael was in a better position to repair it. Unlike Marriage of Berthiaume, the court stated that it was making up the difference in the values of the properties by increasing the amount of maintenance awarded to Valerie. In addition, it should be noted that this Court has held that an equitable division need not be an equal division. In re Marriage of Fitzmorris (1987), 229 Mont. 96, 99, 745 P.2d 353, 354.

The District Court did not abuse its discretion in apportioning the marital property. It based its decision on substantial credible evidence and accounted for the unequal property distribution by increasing the amount of maintenance

5

awarded to Valerie. We therefore affirm the District Court's division of the marital property.

II

Did the District Court err in its calculation of the amount of maintenance awarded to Valerie?

The District Court awarded Valerie maintenance in the amount of $400 per month for the first twelve months following the dissolution, $300 per month for the following twenty-four months, and $200 per month for an additional twenty-four months. The parties do not dispute that Valerie is entitled to maintenance. Valerie contends that the District Court did not sufficiently consider her expenses and that this constitutes reversible error.

The standard of review for a maintenance award is whether the district court's findings are clearly erroneous. In re Marriage of Eschenbacher and Crepeau (1992), 253 Mont. 139, 142, 831 P.2d 1353, 1355. The amount and period of maintenance are determined by reference to Montana statute. See § 40-4-203(2), MCA. The factors to be considered include:

> (a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian:
> (b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
> (c) the standard of living established during the marriage;
> (d) the duration of the marriage;
> (e) the age and the physical and emotional condition of the spouse seeking maintenance: and
> (f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the

6

spouse seeking maintenance.

Section 40-4-203(2), MCA.

The findings of fact indicate that the District Court considered all the statutory factors listed above. In particular, the District Court considered the unequal property division, the additional training Valerie will need to reenter the work force, her living expenses and current job opportunities, and Michael's financial ability to pay maintenance. The court need not be fact specific as to its analysis of every factor. This Court has upheld maintenance awards where the trial court did not make specific findings regarding each statutory element, but its findings demonstrated that it considered the proper factors and the award was based on substantial credible evidence. In re Marriage of Cole (1988), 234 Mont. 352, 359, 763 P.2d 39, 43.

We conclude that the District Court considered the proper factors and its maintenance award was based on substantial credible evidence. The District Court's findings regarding maintenance award were not clearly erroneous. Therefore, we affirm the court's calculation and award of maintenance.

III

Did the District Court err by failing to make provisions for visitation between Valerie and the minor children of the parties during Michael's periods of summer visitation?

According to Montana statute, "A parent not granted custody of the child[ren] is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger

7

seriously the child[ren]'s physical, mental, moral, or emotional health."  Section 40-4-217(1), MCA.

In the present case, the District Court granted Michael visitation rights for three summer months, weekends, alternating holidays, and all other reasonable times.  The court did not grant Valerie visitation rights during the three summer months in which Michael has the children.  Valerie contends that Michael's visitation rights for three summer months amount to Michael having custody of the children for three months in the summer, and that she should have visitation rights during this time.

Michael asserts that the District Court's order should not be modified.  In support of his contention, Michael cites Meyer v. Meyer (1983), 204 Mont. 177, 663 P.2d 328.  In Meyer, this Court held that a specific visitation schedule was not necessary when the district court had split custody of the three children (one to the wife, two to the husband) and provided that each party should have reasonable visitation. Meyer, 663 P.2d at 330-31.  However, Meyer is not controlling in this case.

Here, the District Court did not provide for Valerie to have reasonable visitation when Michael has the children during the summer months.  The only mention of equal access to Valerie is contained in the court's finding establishing joint custody of the minor children.  The court then made a separate finding on visitation which granted Michael visitation rights.  Its finding on visitation did not include any rights of visitation for Valerie.

Michael's visitation rights for three summer months amount to

custody of the minor children for three months.  Valerie, who is the noncustodial parent during these months, is entitled to reasonable visitation since there is no evidence that such visitation would in any way endanger the children.  **See** § 40-4-217(1), MCA.  Thus we remand to the District Court and instruct the court to amend its decree to provide that Valerie have reasonable visitation during the three summer months in which Michael has physical custody of the minor children.

IV

Did the District Court err when it ordered Michael's child support payments reduced by one-half during those months that he has the minor children in his care for at least twenty-five consecutive days?

The District Court ordered Michael to pay child support in the amount of $550 per month for those months Valerie has custody of the children.  The court also ordered him to pay child support in the amount of $275 per month for those months he has the children in his care for at least twenty-five consecutive days.  Valerie contends that the District Court erred because the reduction is an unaccounted variation from the Uniform Child Support Guidelines. Michael asserts that the court correctly reduced the child support because the $550 per month guideline figure initially was based on a payment plan involving child support payments for only those nine months of the year in which Valerie has custody of the children.

In reviewing an award of child support, a presumption exists in favor of the district court's determination: and we will reverse

9

a district court's determination only for an abuse of discretion. In re Marriage of Clingingsmith (1992), 254 Mont. 399, 406, 838 P.2d 417, 421-22.

Montana statute sets out several factors for a court to consider in determining the amount of child support, including the following:

(a) the financial resources of the child;
(b) the financial resources of the custodial parent:
(c) the standard of living the child would have enjoyed had the marriage not been dissolved;
(d) the physical and emotional condition of the child and the child's educational and medical needs;
(e) the financial resources and needs of the noncustodial parent;
(f) the age of the child;
(g) the cost of day care for the child:
(h) any custody arrangement that is ordered or decided upon; and
(i) the needs of any person, other than the child, whom either parent is legally obligated to support.

Section 40-4-204(2), MCA. In addition, a court must apply the uniform child support guidelines when ordering child support. See § 40-4-204(3)(a).

Here, the District Court established the award of child support based on the guidelines and the statutory factors listed above. The court considered the undisputed guideline amount offered by Michael, and, among other factors, considered the custodial arrangement of Michael having the children during three summer months. Having considered these factors, the court reduced Michael's child support payments by one-half during those months that Michael has custody of the children for at least 25 consecutive days.

We hold that the District Court did not abuse its discretion

10

and properly applied the guidelines and the statutory child support factors in making the child support award. Therefore, we affirm the District Court's award of child support.

V

Did the District Court err when it did not order Michael to continue providing health insurance for the minor child?

The record establishes that at the time of trial, the minor children had health insurance coverage through Michael's employer. The **District** Court's findings of fact, conclusions of law, and decree do not mention provisions for health insurance.

Section 40-4-204(4)(a), MCA, applies to child support orders and health insurance. It provides in relevant part:

> (4) Each district court judgment, decree, or order establishing a final child support obligation under this title and each modification of a final order for child support <u>must</u> include a provision addressing health insurance coverage in the following cases:
> (a) If either party has available through an employer or other organization health insurance coverage for the child or children for which the premium is partially or entirely paid by the employer or organization, the judgment, decree, or order may contain a provision requiring that coverage for the child or children be continued or obtained. [Emphasis added.]

Section 40-4-204(4)(a), MCA.

The record and Michael's Respondent's brief make it clear that the parties intended Michael to continue to carry the minor children on his employee health insurance policy. It was judicial oversight for the **District** Court to fail to include a provision regarding the children's health insurance in its decree. The decree should be modified to include a provision that Michael will continue to provide health insurance coverage for the minor

11

children until they reach the age of majority.  Thus, we remand for the District Court to modify its decree accordingly.

The judgment of the District Court is remanded for modifications consistent with this opinion, and, as modified, is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

12