DA 12-0471

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 307N

IN RE THE MARRIAGE OF:

VICKI L. SELLNER,

      Petitioner and Appellant,

   v.

HAMPTON JAY BRAND,

      Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District, In and For the County of Missoula, Cause No. DR-11-592 Honorable John W. Larson, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Joan E. Cook, Law Office of Joan E. Cook; Missoula, Montana

      For Appellee:

          P. Mars Scott, Ryan A. Phelan, P. Mars Scott Law Offices, Missoula, Montana

Submitted on Briefs: September 26, 2013
Decided: October 17, 2013

Filed:

_____
Clerk

Chief Justice McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Vicki Sellner appeals from the District Court's Findings of Fact, Conclusions of Law and Decree of Dissolution, filed July 3, 2012. Vicki argues that the District Court abused its discretion by adopting an "ambiguous" visitation schedule and by adopting the parenting plan proposed by Jay. We affirm.

¶3 The parties have two children, one a teenager and the other a toddler. The District Court's decree gave the teenager the right to participate in deciding which parent to live with. The decree provided the parents with alternative arrangements for the younger child, encouraging them to actually communicate with each other and reach an agreement in parenting the children. It is not an error to provide alternatives in a parenting plan, and if either or both of the parents refuse to communicate and agree within the parameters set by the District Court's decree, then more strict guidance can be provided in further proceedings. *Meyer v. Meyer*, 204 Mont. 177, 182-83, 663 P.2d 328, 331 (1983). We find no error or abuse of discretion in the District Court's parenting plan.

¶4 Vicki also argues that the District Court erred in adopting the parenting plan proposed by Jay. The District Court entered extensive findings of fact regarding the circumstances of the parties and the needs of their children. The District Court specifically found that Vicki's

2

proposed plan was deficient, that it would not adequately safeguard both parents' rights, and that it would sever Jay's relationship with the children "to the point of no recovery." The District Court found that Vicki's proposed restriction of Jay's relationship with the children was not in their best interest, and that Jay "is the more available, experienced and competent parent." While there was some confusion as to the provisions of the parenting plan ultimately submitted by Jay, it is clear that the District Court fully considered the best interests of the children in this case, as required by § 40-4-212, MCA, in adopting the parenting plan. The parenting plan adopted by the District Court controls the case and there was no error or abuse of discretion.

¶5      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are ones of judicial discretion and clearly there was not an abuse of discretion.

¶6      Affirmed.

                                        /S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS