No. 87-353

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IN RE THE MARRIAGE OF
KAYLENE DIANE FORSMAN,

        Petitioner and Appellant,

   and

MARTIN WILLIAM FORSMAN,

        Respondent and Respondent.

APPEAL FROM:  The District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Fred Thomson, Missoula, Montana

    For Respondent:

        Geiszler, Taylor, Newcomer & McClain; Kerry N.
        Newcomer, Missoula, Montana

                  Submitted on Briefs:  Oct. 16, 1987

                        Decided:  December 18, 1987

Filed DEC 1 8 1987

*Ethel M. Harrison*
_____
              Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Fourth Judicial District, Missoula County, Montana, requesting a reduction of support obligation from a decree of dissolution granted December 6, 1982, by the Honorable Jack L. Green, District Judge. The request for temporary order reducing support was filed on February 27, 1987. The temporary order came before the Honorable James B. Wheelis on April 24, 1987. Judge Wheelis entered his findings of facts and conclusions of law and amended the original decree on June 1, 1987, granting a temporary reduction. Appellant now appeals the District Court's reduction in child support. We reverse.

Four issues are presented for our review:

(1) Did the District Court commit reversible error when it modified child support payments temporarily for the months of March and April, 1987?

(2) Did the District Court commit reversible error when it modified child support for the months, May, June, July, August and September, 1987?

(3) Did the District Court commit reversible error when it excluded the inflation clause and modified the medical care obligation?

(4) Did the District Court commit reversible error when it refused to award attorney's fees and costs to the appellant.

At the time of the dissolution in 1982, the parties had been married for twelve years. From that marriage, two children were born: Jillian, now age fifteen and Christian, now age twelve. The original decree of dissolution was issued by Judge Jack L. Green in December of 1982. According to the decree appellant mother (mother) was to receive $250

per month per child for support of the parties' two children. These payments included a yearly cost of living increase which began in November of 1983. Child support was to be paid prior to and throughout the four years of each child's college education. Respondent father (father) was also to maintain medical and dental insurance on the children and a life insurance policy on himself with the children as beneficiaries.

Prior to the dissolution, the family owned a home valued at approximately $56,000. For 1981, the last full year prior to the dissolution, the father had an annual adjusted gross income of $23,019, and for 1982 his adjusted gross income was $25,003. At that time father was an employee of a local department store. The mother was employed on an occasional basis, working five hours per week, but with the majority of her time spent in caring for the home and the parties' two children.

Following the dissolution, father changed jobs and started working as a travelling salesman for a major clothing manufacturer. His sales route covers the states Montana, northern Idaho and eastern Washington and his salary is on commission basis. He has now remarried and currently lives with his new wife in Missoula, Montana, in a home valued at over $50,000.

It is father's contention that his gross income has declined from 1985 levels by approximately forty percent, blaming the decline on several factors that influence retail clothing sales.

Following the dissolution, mother moved with the children to Butte, Montana, where, in June, 1985, she purchased a home valued at $29,000. She has obtained employment as a medical librarian working twenty hours a week while continuing to care for herself and the two children

3

with additional care required for her youngest child, who is emotionally disturbed. Mother has sought full-time employment, however, the economically depressed condition of the city of Butte has affected her full-time employability.

Mother's annual adjusted gross income in 1986 was $6,673. In accordance with the decree, mother was entitled in 1986, to $570 per month in child support. Mother's annual income therefore was $13,513. The record reveals that annual expenses for mother and the two children were approximately $14,196. House payments and living expenses were met with mother's income, the $570 monthly support payments, money remaining from mother's share of the sale of the parties' former home and interest accrued from her savings account. This money has been depleted as mother used that money to meet monthly expenses, especially when father paid only a total of $100 per month in child support during the months of February, March and April of 1987.

For the purpose of our discussion, issues (1) and (2), whether the District Court erred when it modified child support payments temporarily for the months of March and April and modified support payments for the months of May, June, July, August and September, 1987, will be discussed together.

Our statute applicable to modification for child support is § 40-4-208, MCA. Subsection (2)(b) of § 40-4-208, MCA, controls in this case and states in part:

> (2)(b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made: (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable, . . . (Emphasis added.)

4

Our statute provides that the District Court must determine that circumstances since the entering of the original decree have changed so substantially and with such continuity that to continue with the original terms would be unconscionable. Here there is no question that because of the economic situation, there has been a slowdown in clothing sales. However, that slowdown may well be only a temporary situation and it does not suffice to substantially change support for the two children. Additionally, the two children are now into their teenage years. This Court has recognized that children in the age bracket 12-17 generate greater expenditures for the parent than children in the age bracket 0-11. Order Adopting Guidelines For Determining Child Support (Mont. 1987), 44 St.Rep. 828, 836.

Section 40-4-208, MCA, is intended to allow modification of the original terms only when the newly modified terms are "substantial and continuing." The statute by its own terms precludes modification to cure a temporary change in circumstances. The father's circumstances have not changed sufficiently that he cannot pay child support as ordered by the original decree.

Mother and the children's circumstances have severely worsened. As noted, mother has depleted all of her resources that she had and is able to work only twenty hours per week because of the economic condition in Butte and to enable her to spend the necessary time with her emotionally disturbed child. In addition, her failure to receive the full amount of child support provided by the original decree has endangered her ability to continue making payments on their home. Mother purchased the home for herself and the two children in good faith based upon the settlement of the dissolution. Mother fears the loss of the family home would have a devastating effect on the youngest child's stability.

5

Father's adjusted gross income in 1982 was $25,003; in 1985 it was $30,249; and in 1986, it was $27,000. In his argument father contends that he has unavoidable business expenses with his clothing sales job and these expenses should be deducted from his gross income. Father further contends that from his gross income minus business expenses, his "living expenses" should be deducted. We note that several deducted business expenses have also been deducted as living expenses. It appears that father's changed circumstances are not substantial and continuing and the District Court erred in granting a temporary modification under § 40-4-208(2)(b), MCA.

Issue three concerns whether the court erred in modifying the terms of the child support excluding the inflation provision and reducing father's obligation to pay total medical insurance costs. We find clear error here for there was no prayer for relief for the exclusion of the inflation provision nor for a reduction of his obligation to pay for health care. Here the mother had no opportunity to hear arguments in favor of any modification in respect to these matters. The court also erred in taking the father's proposed findings of fact and conclusions of law, which contain said provisions, over the mother's objections and adding them to the findings of the court. See, Marriage of Baer (1982), 199 Mont. 21, 647 P.2d 835. We find the District Court abused its discretion when it modified both the inflation and the health provisions of the decree without providing ample opportunity for the mother to argue against such modification.

Lastly we discuss the District Court's refusal to award attorney's fees and costs to mother. See § 40-4-110, MCA. This Court has previously held that this statute generally holds that a showing of necessity is a condition precedent to

6

the award of attorney's fees. Carr v. Carr (Mont. 1983), 667 P.2d 425, 40 St.Rep. 1263. In that case we held that due to the husband's substantially greater salary and other factors, that when considered with the wife's economic position, the court did not abuse its discretion in awarding attorney's fees to the wife.

In this case there is no question of the mother's need. The father has a considerably higher income and mother is charged with the care of their two children. Clearly mother's standard of living has been lowered considerably since the dissolution. In addition, the father is the one that moved for the modification decree bringing the mother into the court for litigation. The father is in a much better economic situation than the mother, this fact is a compelling reason to award mother attorney's fees. In addition this Court has also held that when the trial court refuses to award attorney's fees, the underlying reason must be indicated in the findings of fact. Hammeren v. Hammeren (1982), 201 Mont. 443, 663 P.2d 1152. This order of the District Court does not substantiate its reasoning for not awarding costs and attorney's fees. In fact, attorney's fees are not mentioned.

Here in the Findings of Fact, Conclusions of Law and Order the District Court modified the payments for a period of eight months. The court further noted that the mother or father may schedule further review for child support after September, 1, 1987. In the event no review was scheduled by mother, the order would remain in effect. This is an interesting finding by the District Court because in this action the court denied the mother attorney's fees and yet in another finding proposes that she can apply in September, 1987, for further "review." This "review" would again call for attorney's fees which she cannot afford in the first

7

place. The District Court erred by refusing to award attorney's fees and costs to the appellant mother.

We reverse and direct the District Court to restore full amount of child support award, $570, with regular increases for inflation and further restore father's obligation to pay total medical insurance costs as ordered in the original December 6, 1982, decree of dissolution. Furthermore, the District Court is directed to provide reasonable attorney's fees to the mother.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices