No. 92-035

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

TAMMIE LYNN CLINGINGSMITH,

      Petitioner and Respondent,

  and

LARRY EDWARD CLINGINGSMITH,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Dawson,
The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            J. Dennis Corbin, Brown, Huss & Corbin,
Miles City, Montana

      For Respondent:

            Marvin L. Howe, Simonton, Howe & Schneider,
Glendive, Montana

FILED

SEP 1 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Filed:

_____
/ Clerk

Submitted on Briefs:  May 28, 1992

Decided:  September 1, 1992

Justice William E. Hunt, Sr., delivered the opinion of the Court.

This is an appeal by the husband from the findings of fact, conclusions of law, and decree of dissolution entered in the Seventh Judicial District Court, Dawson County, Montana. We affirm.

We frame the issues before this Court as follows:

1. Did the District Court err in failing to comply with the requirements of § 40-4-215, MCA, which relate to investigations and reports used in the determination of custody disputes?

2. Were the District Court's findings of fact, conclusions of law, and decree of dissolution concerning the custody determination sufficiently comprehensive and based upon substantial evidence?

3. Was it an abuse of discretion for the District Court to establish child support in accordance with the current guidelines without considering the unique financial circumstances of the appellant?

Appellant Larry Edward Clingingsmith and respondent Tammie Lynn Clingingsmith were married in Glendive, Montana, on September 10, 1983. The parties are the parents of two minor children. Respondent is the mother of another minor child from a previous marriage. The parties resided in Glendive throughout their marriage. Appellant was a farmer who leased land upon which he grew crops, as well as assisting in his family's ranching operation. In late 1988, appellant enrolled his leased property in the Conservation Reserve Program (CRP) and went to work for

2

Crisifulli Pump Company of Glendive. During the marriage, respondent occasionally worked outside the home, but primarily took care of the children.

Respondent filed for a dissolution of marriage on June 6, 1990. After filing for dissolution, respondent and the children moved to Dickinson, North Dakota. Initially, respondent had exclusive custody of the children while in Dickinson. However, the parties later agreed to a temporary shared custody arrangement pending the trial of the matter. The trial was originally scheduled for December 13, 1990. At the request of the parties, that trial date was vacated and reset for April 25, 1991.

Prior to trial, the District Court appointed counsel to represent the interests of the children. Counsel for the children moved the court for an order directing the parties to obtain home studies pursuant to § 40-4-215, MCA. The District Court ordered that "each of the parties arrange for custodial home studies to assist in determining which custody arrangement would best serve the interests of the minor children."

A two day trial began on April 25, 1991. In her petition for dissolution, respondent requested that she be granted sole custody of the children with reasonable visitation rights to appellant. Appellant sought a joint custody arrangement, with primary residency being with him. At the conclusion of trial, the District Court ordered the parties to submit amended proposed findings of fact and conclusions of law. Following the trial, counsel for the children filed proposed findings of fact and conclusions of law in

3

which he recommended joint custody with primary residency to appellant. The court also permitted additional time for appellant to supplement the record with a home study, since appellant had been unable to obtain a home study prior to trial.

On August 16, 1991, the District Court entered it findings of fact, conclusions of law, and decree of dissolution. The court awarded the parties joint custody of the minor children, and granted primary physical residential custody to respondent and secondary rights to appellant. The court ordered appellant to pay child support in the amount of $515.64 per month. The court made a division of the marital property which is not contested on appeal. Appellant failed to supplement the record with a home study, as allowed by the court, prior to the decision of August 16, 1991. Following the decision of the court, appellant made several motions for a new trial, or in the alternative to alter or amend the court's judgment. These motions were denied by the court on November 1, 1991, and this appeal followed.

On appeal, the attorney ordered by the District Court to represent the children filed a brief in support of his position. Respondent then filed a motion to strike the brief of the children. Respondent characterized the brief filed by the children's attorney as an amicus curiae brief which could only be filed upon the written consent of all parties, or by leave of this Court. The attorney for the children responded to the motion to strike, pointing out that he was appointed as counsel for the children and was not an amicus curiae. However, in light of our decision in

4

this case, respondent's motion to strike the brief need not be addressed.

I

Did the District Court err in failing to comply with the requirements of § 40-4-215, MCA, which relate to investigations and reports used in the determination of custody disputes?

The first issue raised by respondent involves a question of law. Our standard of review of questions of law is simply whether the District Court's interpretation of the law is correct. Schaub v. Vita Rich Dairy (1989), 236 Mont. 389, 770 P.2d 522. The basis for this standard of review is that no discretion is involved when a tribunal arrives at a conclusion of law. The tribunal either correctly or incorrectly applies the law. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 803 P.2d 601.

On March 20, 1991, approximately one month prior to the scheduled trial date, the District Court, pursuant to a motion by the attorney for the children, entered an order directing that each of the parties arrange for custodial home studies to assist in determining which custody arrangement would best serve the interests of the minor children. On appeal, appellant argues that the District Court erred by failing to follow the requirement in § 40-4-215, MCA, that the report be provided to all counsel ten days prior to the trial. Appellant contends that he did not receive a written copy of the home study report until the morning of trial. The individual who prepared the home study testified at trial concerning the information contained in the home study.

5

While the report itself was not allowed into evidence by the District Court, appellant contends the testimony by the author of the report was inappropriate and is grounds for reversal of the custody determination made by the District Court.

It is apparent from the record that both parties experienced difficulties in attempting to have home studies completed in such a short time period. Respondent was able to obtain a home study shortly before trial, while appellant was not. Respondent alleges on appeal that prior to trial the parties stipulated that the trial should proceed with only respondent's home study and that appellant should be able to supplement the record with a home study obtained at a later date. Respondent further contends that this stipulation waives any right appellant may have had to object to the home study. Appellant denies that any stipulation occurred. The record is inconclusive as to whether the parties actually entered into the alleged stipulation.

Regardless of any stipulation, appellant has waived his right to allege error on appeal by failing to make a timely and specific objection at the time of trial. Rule 103, M.R.Evid. provides in part that:

> (a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

> (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . . .

6

Upon reviewing the transcript of the testimony of the individual who prepared the report, it is evident that appellant did not object until the witness was well into her testimony. When appellant did make objections later in the testimony, it was primarily on the basis that particular questions were leading or that the answers would constitute hearsay. Most of these objections were sustained. Appellant objected to the introduction of the report into evidence on the basis that it was cumulative of the oral testimony presented. The District Court did not allow the report in on the basis that it contained improper hearsay. At no point did appellant object on the basis that he had not received the home study report in a timely fashion pursuant to § 40-4-215, MCA. Appellant's objections were neither timely nor based on the correct grounds, and as such will not be considered by this Court on appeal. Rule 103, M.R.Evid.; Linden v. Huestis (1991), 247 Mont. 383, 807 P.2d 185.

## II

Were the District Court's findings of fact, conclusions of law, and decree of dissolution concerning the custody determination sufficiently comprehensive and based upon substantial evidence?

Appellant contends the District Court erred in awarding the parties joint custody of the children with primary physical residential custody with respondent and liberal visitation rights to appellant. Appellant had requested joint custody with primary residency with him. Appellant argues that the findings of the District Court were insufficiently comprehensive and that the

7

findings and conclusions were not based on substantial evidence. Appellant presented as a separate issue the question of whether the District Court's failure to refer to the recommendation of the children's attorney is grounds for reversal of the custody determination. The attorney for the children had recommended primary residency should be with appellant.

Section 40-4-212, MCA, requires custody determinations be made in accordance with the best interests of the children as determined by the District Court after considering the following criteria:

> (a)   [T]he wishes of the child's parent or parents as to his custody;
>
> (b)   the wishes of the child as to his custodian;
>
> (c)   the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
>
> (d)   the child's adjustment to his home, school, and community;
>
> (e)   the mental and physical health of all individuals involved;
>
> (f)   physical abuse or threat of physical abuse by one parent against the other parent or the child; and
>
> (g)   chemical dependency, as defined in 53-24-103, or chemical abuse on the part of either parent.

This list is not all inclusive. This Court has suggested that the parents' ability to cooperate in their parental roles and the geographical proximity of the parents' residences are at least two additional factors which should be considered. In re Custody and Support of B.T.S. (1986), 219 Mont. 391, 395-96, 712 P.2d 1298, 1301.

8

When reviewing custody issues, this Court must first determine if the factors set out in § 40-4-212, MCA, were considered by the district court. In re Marriage of Jacobson (1987), 228 Mont. 458, 743 P.2d 1025. While it is encouraged, the trial court need not make specific findings on each of the factors. However, failure to at least consider all of the statutorily mandated factors is error. In re Marriage of Speer (1982), 201 Mont. 418, 654 P.2d 1001. The custody determination must be based on substantial evidence relating to the statutory factors and must be set forth explicitly in the findings. In re Marriage of J.J.C. and P.R.C. (1987), 227 Mont. 264, 739 P.2d 465. The findings should, at a minimum, set forth the "essential and determining facts upon which the District Court rested its conclusion on the custody issue." In re Marriage of Cameron (1982), 197 Mont. 226, 231, 641 P.2d 1057, 1060.

Upon reviewing the District Court's extensive findings of fact concerning the custody issue, it is clear the District Court considered all of the required statutory criteria and based the custody decision on the best interests of the children. The court's findings of fact explicitly set forth the essential and determining facts upon which it based its conclusions. The findings and conclusions were based on substantial evidence.

Appellant is correct that the District Court failed to mention the recommendation of the children's attorney that primary residency be with appellant. However, the failure to discuss why this recommendation was not followed is not grounds for reversal. While some discussion of the recommendation of the children's

attorney would have been appropriate, specific reference to the recommendation was not required. Appellant has presented no authority for his position that the recommendation of the children's attorney must be specifically discussed. The requirement is that the findings explicitly state the essential and determining facts upon which the conclusion rests. The findings in this case clearly satisfy that requirement.

III

Was it an abuse of discretion for the District Court to establish child support in accordance with the current guidelines without considering the unique financial circumstances of the appellant?

Our standard of review in reviewing child support is that a presumption exists in favor of the district court's determination, and this Court will reverse the district court's determination only if there was an abuse of discretion. In re Marriage of Sacry (Mont. 1992), ___ P.2d ___, 49 St. Rep. 452.

Section 40-4-204(3)(a), MCA, provides in part that:

Whenever a court issues . . . an order concerning child support, the court shall determine the child support obligation by applying the standards in this section and the uniform child support guidelines adopted by the department of social and rehabilitative services . . . unless the court finds by clear and convincing evidence that the application of the standards and guidelines is unjust to the child or to any of the parties or is inappropriate in that particular case.

Appellant alleges that the District Court abused its discretion in this instance by calculating his child support obligation without first deducting from his income certain alleged

10

business expenses. The District Court followed the applicable standards and guidelines in determining child support in this case and did not abuse its discretion in not deducting the alleged business expenses.

Affirmed.

_William E Hunt Sr_
Justice

We concur:

_A. Turnage_
Chief Justice

_Karla M. Gray_

_Terry Trieweiler_

_Justices_

September 1, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

J. Dennis Corbin
BROWN, HUSS & CORBIN
P.O. Box 128
Miles City, MT 59301

Marvin L. Howe
SIMONTON, HOWE & SCHNEIDER, P.C.
P.O. Box 1250
Glendive, MT 59330

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
     Deputy