No. 92-256

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

ROBERT KUKES,

Petitioner and Respondent,

and

JANET KUKES,

Respondent and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lyman H. Bennett III; Morrow, Sedivy & Bennett,
Bozeman, Montana

For Respondent:

Thomas I. Sabo, Attorney at Law, Gallatin Gateway,
Montana

Submitted on Briefs: April 1, 1993

Decided: May 18, 1993

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Eighteenth Judicial District Court, Gallatin County, Montana. The order modified a decree of dissolution of marriage. We reverse.

The former husband, respondent Robert Kukes (Robert) commenced this action in 1989 by filing a petition for modification of the 1986 decree, seeking to reduce his child support obligation, share the child's uncovered medical expenses equally with his former wife, and clarify his visitation rights. Thereafter the former wife, appellant Janet Kukes (Janet) filed a combination petition for contempt and modification or clarification of the decree. These petitions were heard by the District Court, which filed findings of fact and conclusions of law and entered judgment thereon. The decision granted Robert the relief prayed for, and more than he prayed for, including additional relief as determined by the court. This appeal followed.

Janet and Robert were married in Billings, Montana, in November 1981. Their only child, Brittany, was born on August 17, 1984. She has a partial hearing loss and must wear two hearing aids. The marriage was dissolved in Bozeman, Montana, on May 5, 1986. At the time of the dissolution, Robert was enrolled as an undergraduate in the School of Engineering at Montana State University (M.S.U.), while Janet was a graduate student in the School of Education at M.S.U., seeking elementary teacher certification. Janet received certification in December 1986 and

2

moved to Great Falls, Montana, where she taught elementary school and eventually became a case manager for Quality Life Concepts, Inc. Robert received an engineering degree in June, 1990 and moved to Las Vegas, Nevada, where he was employed as an engineer at the time of this appeal.

The parties entered a "marital and property settlement agreement" in April 1986. This agreement was incorporated in the decree of dissolution. It gave Janet sole custody of Brittany, with Robert to have liberal visitation rights. Robert was to pay child support at the rate of $300 per month, adjusted annually based on the Consumer Price Index. He also agreed to maintain major medical and hospital insurance for Brittany's benefit and to pay all of her uncovered medical, dental, and optical expenses until she reached the age of 21; to establish a trust fund for Brittany at the First Security Bank in Bozeman and to contribute $50 a month to that fund initially and $75 a month after he graduated from college, until Brittany either used the fund for college education or reached the age of 21; and to maintain an $80,000 life insurance policy naming Brittany as the beneficiary.

As support and maintenance, Robert agreed to pay Janet's expenses for four quarters as a full-time student, including tuition, books, and living expenses. The total sum, $9,800, was to be deferred until six months after Robert had finished college, at which time Robert was to begin making monthly payments, including interest at the annual rate of 10 per cent.

On April 19, 1989, Robert filed a petition for modification

3

alleging that he was a full time student without sufficient money to pay child support as provided in the decree, and that he had been denied liberal visitation rights. Janet moved to dismiss this petition, on the grounds that Robert had not shown changed circumstances "so substantial and continuing as to make the terms of the decree unconscionable," as § 40-4-208(2)(b), MCA, requires. Robert had been a full time student in 1986 when the decree was entered, and he was still a full time student when he filed his petition for modification. The District Court denied Janet's motion on June 20, 1989, noting that the motion was "sound in many respects, particularly on the change of the amount of child support," but concluding that it should hear Robert's allegations regarding denial of visitation and establish his visitation rights.

A hearing was set for April 30, 1990, but it was continued without a date after Janet requested that the child support issue not be decided until after Robert had completed his education. Robert graduated in June 1990 and in July 1990 he moved to Las Vegas.

On October 29, 1990, Janet filed a petition for contempt and modification or clarification of the decree, alleging that she had not received evidence of health insurance coverage for Brittany; that Robert had not reimbursed her for medical expenses incurred on Brittany's behalf; that Robert had borrowed $2,197.91 against his life insurance policy and the insurance company had told her the policy might be canceled; and that she had been unable to determine whether Robert had been contributing to Brittany's trust fund as

4

provided in the decree of dissolution. The District Court heard argument on this petition and on Robert's petition as well, on February 11, 1991.

Janet presents seven issues referring to decisions not supported by the evidence and constituting an abuse of discretion by the District Court. We have restated them as follows:

1. Whether this Court's adoption of child support guidelines constituted, in itself, a change of circumstances so substantial and continuing as to make the terms of the decree of dissolution unconscionable, as contemplated by § 40-4-208(2), MCA.

2. Whether the District Court's findings of fact were sufficient to demonstrate a change of circumstances so substantial and continuing as to make the decree unconscionable, absent a finding that the adoption of the guidelines satisfied the requirement.

3. Whether the District Court erred in failing to consider all of the relevant factors set forth in the applicable statutes and child support guidelines.

4. Whether the District Court should have granted Robert relief that he had not sought, when Janet had no opportunity for contrary argument.

5. Whether the District Court erred in modifying Robert's child support obligation retroactively.

6. Whether the District Court erred in failing to consider Janet's prayer for attorney's fees.

7. Whether the District Court erred in failing to adhere to the statutory requirements for income withholding and in failing to advise the parties of the jurisdiction of the Department of Social and Rehabilitation Services to review and modify child support in the future.

As the first two issues both address the statutory standard for modification of child support, we consider them together. The question common to both is whether the District Court's modification of child support was justified by a change of

circumstances so substantial and continuing as to make the terms of the original decree unconscionable, as § 40-4-208(2)(b), MCA, requires, absent written consent of the parties.

We conclude that child support modification was not justified in this case; therefore we do not address the remaining issues.

In its Finding of Fact No. 16 the District Court stated that this Court's adoption of the guidelines was "an event constituting substantial change of circumstances for [Robert]." This was the court's only finding concerning changes in Robert's circumstances. Thus, even taken in a light most favorable to Robert, the court's findings of fact fail to show any change in Robert's circumstances that would justify a reduction in the amount of child support below the amount established in the original decree. Indeed, the record suggests that Robert's circumstances improved substantially between the time of the original decree, when he was a student, and the time of the hearing on his petition for modification, when he was employed as a civil engineer.

Our standard of review for an award of child support is that a presumption exists in favor of the district court's determination. We will reverse a district court's determination only for an abuse of discretion. In re Marriage of Clingingsmith (1992), 254 Mont. 399, 406, 838 P.2d 417, 421-22. With regard to the district court's findings of fact, however, we have held that "[e]rror occurs when the court accepts one party's proposed findings of fact without proper consideration of the facts and where there is a lack of independent judgment by the court." In re

6

Marriage of Callahan (1988), 233 Mont. 465, 472, 762 P.2d 205, 209. Here, the District Court clearly erred in failing to make findings of fact that support its modification of child support.

In Gall v. Gall (1980), 187 Mont. 17, 20, 608 P.2d 496, 498 we stated that:

> the essential requirement is that there be an evidentiary basis to determine that it would be unconscionable to continue the child support payments presently in effect.

Accord, In re Marriage of Forsman (1987), 229 Mont. 411, 747 P.2d 861; In re Marriage of Bliss (1980), 187 Mont. 331, 609 P.2d 1209. We conclude that adoption of the guidelines was not in itself a sufficient change of circumstances to justify modification of child support under § 40-4-208, MCA.

We reverse and remand for entry of an order consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justice

7

May 18, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Lyman H. Bennett, III
Morrow, Sedivy & Bennett
P.O. Box 1168
Bozeman, MT 59771-1168

Thomas I. Sabo
Attorney at Law
P.O. Box 396
Gallatin Gateway, MT 59730

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy