*268 JUSTICE GRAY,
specially concurring.
I join in the Court’s opinion on issues 1 and 3 and specially concur on issue 2, relating to whether the District Court erred in issuing findings and conclusions substantially similar to those proposed by Carol. As to that issue, I agree with the result reached by the Court, but not with all that is said therein. I write separately to clarify that, while I have serious concerns about the extent to which district courts are adopting verbatim, or nearly so, a party’s proposed findings and conclusions, this case does not reflect such a wholesale adoption of findings.
Over the past decade, we have discouraged, and disapproved of, trial courts relying too heavily on the proposed findings submitted by a “winning party;” in that regard, we began with a principle that adopted findings must reflect the judge’s own consideration of the facts and the exercise of the judge’s own judgment. See, e.g., In re Marriage of Wolfe (1983), 202 Mont. 454, 659 P.2d 259. We continue to voice similar sentiments, while concurrently stating that “the practice does not constitute error per se.”In re Marriage of Nikolaisen (1993), 257 Mont. 1, 5, 847 P.2d 287, 289. Indeed, our current approach seems to be that if the findings are comprehensive and are supported by substantial evidence, that is sufficient. Nikolaisen, 847 P.2d at 289. If we are no longer requiring that a judge’s work reflect the judge’s consideration of the record and exercise of his or her own conscientious judgment, the judicial system has been turned over to the lawyers to a degree I cannot support.
I understand better than most what trial judges are up against with regard to juggling a back-breaking work load with inadequate time, staff and other resources. But we can go too far in permitting judges to rely on the advocates before them in trying to keep their dockets current. It is my view that we must require that a judge’s findings and conclusions reflect independent judgment by the court (see In re Marriage of Kukes (1993), 258 Mont. 324, 328, 852 P.2d 655, 657) and that combing the record for substantial evidence to support those findings is not sufficient.
Here, the Court is correct that the District Court’s findings and conclusions are comprehensive, pertinent and supported by the record. More importantly, they reflect the exercise of the court’s independent judgment. They are not verbatim adoptions and, indeed, testimony of witnesses included at length in Carol’s proposed findings was not included at all in the District Court’s findings, presumably *269 because the court did not give it the weight Carol thought was appropriate or any weight at all. Other findings were revised, added to, and deleted from in significant ways given the facts of the case.
Based on the record and the District Court’s findings and conclusions before us, I join the Court in affirming.