No. 02-410

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 343N

IN THE MATTER OF A.R. and I.R.,

Youths in Need of Care.

APPEAL FROM: District Court of the Sixth Judicial District,
In and For the County of Park,
Honorable Ted L. Mizner, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Suzanne C. Marshall, Marshall Law Firm, Bozeman, Montana

For Respondents:

Honorable Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

Tara DePuy, County Attorney; Brett D. Linneweber, Deputy
County Attorney; Livingston, Montana

Vuko J. Voyich, Anderson & Voyich, Livingston, Montana (Guardian
Ad Litem)

Brenda A. Gilbert, Swandal, Douglass, and Gilbert, Livingston,
Montana (Father)

Submitted on Briefs: October 31, 2002

Decided: December 27, 2002

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Julie, the natural mother of twin youths, A.R. and I.R., appeals from the May 14, 2002, Dispositional Order in which the District Court for the Sixth Judicial District  granted the State temporary legal custody of A.R. and I.R. for a period not to exceed 180 days.  Julie contends that the District Court failed to make specific findings of fact as to whether the children were "abused" or "neglected" within the meaning of § 41-3-103, MCA. She also contends that the District Court erred when it denied her motion to dismiss the youth in need of care action due to the State's failure to hold a hearing on the petition within ten days of Judge Swandal's recusing himself from the case.  We affirm in part and remand for further proceedings.

¶3     As a preliminary matter, the State contends that Julie has only appealed from the May 14, 2002, Dispositional Order and thus she cannot raise arguments about the earlier March 14 determination that the twins were youths in need of care.  Julie responds that under Rule 1(b)(1), M.R.App.P., an order for temporary investigative authority and protective services is not a "final judgment." "Indeed, it is ordinarily the first order entered in an abuse and neglect proceeding which ultimately may encompass

2

numerous orders and culminate in an order terminating parental rights." *In re B.P.*, 2000 MT 39, ¶ 19, 298 Mont. 287, ¶ 19, 995 P.2d 982, ¶ 19. Thus, she contends that she was required to wait until a final adjudication was made prior to any appeal. Furthermore, she contends that the May 14, 2002, Order incorporates by reference the findings of the March 14, 2002, Order and thus an appeal of the May order encompasses the March order. We note that the present matter involves an order of temporary legal custody and is thus distinguishable from *In re B.P.,* which involved an order of temporary investigative authority. Nonetheless, we agree with Julie that since the March 14 order granting temporary legal custody was incorporated into the final May 14, 2002, Dispositional Order, its provisions are encompassed within the appeal from the Dispositional Order.

¶4 The first issue raised by Julie is whether the court erred in not dismissing the petition for failure to hold a hearing within ten days of Judge Swandal recusing himself.

¶5 Section 41-3-432, MCA, provides that, with regard to a petition for immediate protective services, "[a] show cause hearing must be conducted within 10 days, excluding weekends and holidays, of the filing of an initial child abuse and neglect petition unless otherwise stipulated by the parties pursuant to 41-3-434, or unless an extension of time is granted by the court." In the present matter, the petition for adjudication of I.R. and A.R. was filed on December 7, 2001. Thus, pursuant to the statutory time requirement, the show cause hearing had to be conducted by December

3

21, 2001. A hearing was set for December 21, 2001, at which time Julie appeared with counsel. However, shortly before the hearing started, Honorable Nels Swandal recused himself from the case. Julie stipulated to continue the hearing to allow a substitute judge to be called. Some three weeks later, on January 7, 2002, Judge Mizner accepted appointment as judge and a new hearing was set for February 1, 2002. At the February 1 hearing, Julie moved to dismiss the petition on the basis that this delay violated her constitutional right to a due process hearing within a reasonable time after the removal of the children from her home. The District Court denied the motion and continued with the hearing.

¶6 The record shows that at the December 21, 2001, hearing, Judge Swandal indicated that, since he was recusing himself, he would call in Judge Mizner. He inquired whether there were any objections. There were none. Judge Mizner's subsequent order of January 14, 2002, states that, "The parties conferred and agreed to February 1, 2002, as the earliest available date for a hearing on the petition for temporary legal custody . . . ." It was not however until the commencement of the February 1, 2002, hearing that Julie, through counsel, objected that the delayed hearing denied her right to due process of law. The State contends that Julie waived any objection she had to the delay when she stipulated to the calling in of a new judge and did not advise the court that she expected a hearing to be scheduled within a certain period of time. Furthermore, the record shows that she agreed with Judge Mizner's choice of February 1, 2002, as the earliest available

4

date.  "We will not put a district court in error for an action to which the appealing party acquiesced or actively participated. . . . Acquiescence in error takes away the right of objecting to it." *State v. LaDue,* 2001 MT 47, ¶ 23, 304 Mont. 288, ¶ 23, 20 P.3d 775, ¶ 23 (citation omitted).  Here, although Julie did object at the commencement of the February 1 hearing, by then it was too late for the court to address her objection with an earlier setting.  We conclude that, in acquiescing to the resetting of the hearing as she did, Julie waived any objection that she had with regard to the statutory requirement that a show cause hearing be held within ten days of the filing of the petition.

¶7  Julie next objects to the insufficiency of the District Court's findings of fact.

¶8  In its Petition, the State alleged that A.R. and I.R. were youths in need of care because Julie had: (1)  psychologically abused or neglected the children through regular spankings or hitting, verbal and mental abuse; (2) failed to provide them with adequate sustenance; (3) failed to provide for the care of one of the youths when ill; (4) failed to provide adequate shelter for the youths by having separate beds for them to sleep in apart from her; and (5) failed to provide supervision of the youths.

¶9  Julie correctly points out that § 41-3-437(7), MCA, requires that, "Before making an adjudication, the court shall make written findings on issues including but not limited to the following: (i) which allegations of the petition have been proved or admitted, if any; . . ." She contends that the court failed to make any specific

5

written findings as to which allegations of the State's petition were proved or admitted as required by the above statute. Rather, the court merely concluded that the twins were youths in need of care pursuant to §§ 41-3-102(27) and 41-3-102(18), MCA.

¶10  Julie also contends that the court failed to make a finding as to whether the youths were "abused or neglected" as required by our holding in *In re the Custody of M.W.,* 2001 MT 78, 305 Mont. 80, 23 P.3d 206.  In *M.W.,* we stated at ¶ 46:

> For the District Court to have the jurisdictional authority to award DPHHS custody of M.W. and C.S., the court needed to determine that they were youths in need of care. *In re J.B.* (1996), 278 Mont. 160, 164, 923 P.2d 1096, 1099.  A youth in need of care is defined as a "youth who is abused or neglected."  Section 41-3-102(22), MCA (1997).  A finding of abuse or neglect is therefore a jurisdictional prerequisite for a court to order the transfer of custody, and determination that M.W. and C.S. were youths in need of care would need to have been based on evidence of abuse or neglect by [the mother].

¶11  The State concedes that the court's March 14, 2002, order, did not make specific findings required by § 41-3-437(7)(a), MCA, nor did it make the jurisdictional finding that the youths were "abused or neglected."  However, the State submits that when the March 14 order is read in conjunction with the subsequent May 14, 2002, order, the statutory requirements were met.  We agree with Julie that the nonspecific findings of the District Court do not satisfy the requirement that there be written findings as to which allegations of the petition have been proved or admitted, if any. Nor does it make a jurisdictional finding that the youths were abused or neglected.  Accordingly, we remand this matter to the

6

District Court for entry of specific findings of fact as required by § 41-3-437(7), MCA, and by our holding in *M.W.*

**/S/ W. WILLIAM LEAPHART**

**We concur:**

**/S/ KARLA M. GRAY**

**/S/ PATRICIA COTTER**

**/S/ JAMES C. NELSON**

**/S/ TERRY N. TRIEWEILER**

**/S/ JIM REGNIER**

**/S/ JIM RICE**